UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6089-CR-ROETTGER

UNITED STATES OF AMERICA,

v.

ROBERT STEELE,

Defendant.
_____/

## UNITED STATES' OPPOSITION TO DEFENDANT'S
## MOTION FOR DOWNWARD DEPARTURE

### INTRODUCTION

Defendant Robert Steele has filed a motion for downward departure requesting that the Court depart from the applicable guideline range alleging that but for "the total ineffectiveness of the Secret Service in shutting down two organizations that are producing counterfeit U.S. currency in Pakistan," (Defendant's Motion at ¶ 2) the defendant's purported cooperation would have given rise to a motion for downward departure based on substantial assistance by the Government. The defendant's speculative allegations lack merit. Contrary to defendant's assertions, the defendant did not provide the United States Secret Service ("USSS") with precise information regarding the alleged counterfeiting organizations, nor did the Secret Service fail to act on information supplied. (Defendant's Motion at ¶ 2) To the contrary, the USSS expended a great number of hours and resources in an attempt to investigate these alleged operations. It was, however, the defendant's failure, through intermediaries, to cooperate with the USSS that lead to the early demise of the investigation. For this reason, the defendant's attempted cooperation did not rise to the level of substantial assistance and this court should not depart from the applicable guideline range as



determined by the PSI.

## FACTUAL BACKGROUND

The government will set forth the factual predicate of the defendant's efforts at the sentencing hearing.[1] In summary, the defendant advised the USSS that he was acquainted with an intermediary who had contact with an individual who was allegedly well-connected to an alleged counterfeiting operation in Pakistan. In November, 2000, this intermediary delivered a package containing two counterfeit bills to the United States' Embassy in Pakistan for delivery to the USSS. After some preliminary investigation and conversations with the defendant, in March, 2001, the USSS sent two of its Special Agents to Pakistan to meet with this intermediary who was to be in Pakistan at that time. The USSS took numerous steps to prepare for a possible criminal investigation and arrest in Pakistan which included making contact with trusted Pakistani law enforcement. The meeting was scheduled for March 12, 2001, at 10 a.m., at the United States Embassy. For a number of reasons, including security, safety and jurisdiction, these types of meetings are to occur only at the Embassy. The intermediary failed to appear for the meeting and it was re-scheduled a number of times.

On or about March 15, 2001, the intermediary met with, among others, the two agents from

---

[1] The Sentencing in this matter is scheduled for Wednesday, May 23, 2001. On Thursday May 17, 2001, the undersigned Assistant received a telephone call from defense counsel stating that he would be filing a motion for a downward departure. The undersigned advised that she was going out-of-town for a wedding that afternoon and would not be returning to the District and the office until Monday, May 20, 2001, in the afternoon. Because the undersigned received the motion less than two days before the sentencing hearing, the Government did not have sufficient time to investigate the defendant's allegations and file a comprehensive response. Although the defendant alleges in paragraph 4 of his motion that he was not aware until May 16, 2001, that the USSS was allegedly "not interested in pursuing the operation," the defendant was well aware before May 16, 2001, that his efforts had not yielded any results and that the Government would not be filing a motion for substantial assistance.

2

the USSS, at the United States Embassy. (It should be noted that this intermediary was the same person who had delivered the counterfeit currency to the Embassy in November.) The intermediary advised that he did not know the location of the alleged counterfeiting operations nor did he know the identities of those allegedly involved. He stated that his "cousin" had the information and was willing to make a purchase of counterfeit money for 30-40% on the dollar, which, incidentally, is a price well above market rate. The USSS stated that they needed to debrief his cousin to determine the appropriate action to take. The intermediary stated that the cousin was not willing to meet the USSS at the Embassy. The USSS advised that this was the only place where a debriefing could occur. The intermediary refused to bring his "cousin" to the Embassy. Accordingly, the investigation was terminated at this point due to the lack of evidence.

## ARGUMENT

Plainly, the defendant's allegations of, in essence, lack of diligence on the part of the USSS are frivolous. The USSS was willing to investigate this purported ring, despite the obstacles and expense of a foreign investigation, particularly one in a country such as Pakistan. The USSS did all that it reasonably could under the circumstances. In the final analysis, it was the defendant's contacts who failed him, not the USSS.

The decision whether to file a motion for a downward departure pursuant to Section 5K1.1 of the USSG rests solely with the United States and is not reviewable, barring unconstitutional motives, by this Court. *Wade v. United States*, 504 U.S. 181 (1992). The defendant understood and agreed to this when he signed his plea agreement, which is part of the Court's file.[2] The defendant's

---

[2] Paragraph 11 of the plea agreement states:

This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the

3

motion, though styled as a motion for downward departure based on Section 5K2.0[3] of the USSG, is really a thinly-veiled complaint at the Government's failure to file a motion for downward departure based on a substantial assistance and an attempt to circumvent the structure of Section 5K1.1 by alleging an imaginary scenario under which the defendant would supposedly qualify for a downward departure. The reality, however, is that despite the best efforts by the USSS, the defendant's attempted cooperation did not rise to the level of substantial assistance and his speculation that this alleged counterfeiting ring could have been discovered had the USSS acted differently should be rejected as pure conjecture.

---

time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence required by the Sentencing Guidelines, this Office may at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending sentence reduction. **The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file such a motion and that this Office's assessment of the nature, value, truthfulness, completeness and accuracy of the defendant's cooperation shall be binding on the defendant.** (Emphasis supplied)

[3]USSG §5K2.0 contemplates departures based on "circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission, in formulating the Guidelines." The circumstances here, namely, that a defendant's attempted cooperation does not result in a motion for downward departure based on substantial assistance under USSG §5K1.1 was clearly contemplated by the Sentencing Commission.

4

CONCLUSION

For the reasons stated and upon authorities cited, the United States respectfully requests that the Court deny defendant's motion.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Bertha R. Mitrani
Assistant United States Attorney
Florida Bar No. 88171
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Tel: 954/ 356-7255
Fax: 954/356-7336

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered to Charles L. Jaffee, Esquire in open Court on March 23, 2001.

Bertha R. Mitrani
Assistant United States Attorney